IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RODNEY H. YOUNG,

    Plaintiff,

vs.   No. CIV-05-0427 WJ/ACT

GALE A. NORTON, Secretary,
DEPARTMENT OF THE INTERIOR,

    Defendant.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 75). Having reviewed the submissions of the parties and being fully advised on the relevant law, I find that the motion is well taken and will be granted.

**BACKGROUND**

On August 13, 2003, Ed Parisian, Director of the Office of Indian Education Programs, issued a Memorandum to Plaintiff informing him that his position was being moved to the OIEP in Washington, D.C. Plaintiff accepted the relocation but requested an extension of time to report to Washington, D.C. On August 25, 2003, Plaintiff initiated pre-complaint EEO counseling in connection with his change in duty station and relocation. On November 5, 2003, Plaintiff filed a formal Complaint of Discrimination alleging discrimination on the basis of age and reprisal when his duty station was changed and his position relocated to Washington, D.C. Plaintiff never amended this Complaint to add additional claims.

On January 12, 2004, Ed Parisian issued a notice of Proposed Removal to the Plaintiff. On December 3, 2004, the Acting Principal Deputy Assistant Secretary for Indian Affairs issued a Decision to Remove and Plaintiff's employment was terminated effective December 10, 2004. Plaintiff initiated pre-complaint EEO counseling on January 18, 2005 and filed a formal Complaint of Discrimination on March 2, 2005 alleging discrimination on the basis of retaliation when he was removed from his position.

On April 14, 2005, Plaintiff filed his Complaint in this matter alleging age discrimination and reprisal.[1] On September 22, 2005, the EEO office dismissed Plaintiff's March 2, 2005 EEO Complaint pursuant to 29 C.F.R. § 1614.107(3) because the EEO Complaint was the basis of a civil action pending in this Court. Plaintiff did not request the dismissal of the EEO Complaint. Plaintiff did not appeal the dismissal of the EEO Complaint. Prior to its dismissal, Plaintiff never amended his March 2, 2005 EEO Complaint to allege additional claims. On March 8, 2006, by leave of Court, Plaintiff filed an amended Complaint in this matter correctly alleging his age discrimination claims under the ADEA and adding claims of discrimination, reprisal and hostile environment under Title VII and the Rehabilitation Act.

**LEGAL STANDARD**

A party may go beyond the allegations contained in the complaint and challenge the facts upon which jurisdiction depends. Sizova v. National Institute of Standards & Technology, 282 F3d 1320, 1324-25 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). A Rule 12(b) motion to dismiss can challenge the substance of the complaint's jurisdictional

---

[1] Plaintiff's original complaint clearly alleged age discrimination though it did erroneously purport to allege this pursuant to Title VII.

2

allegation in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court.  Sizova, 282 F.3d at 1324-25; New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495 (10th Cir. 1995).  A court has wide discretion to allow affidavits or other documents to resolve disputed jurisdictional facts under Rule 12(b).  In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. Sizova, 282 F.3d 1324-25; Holt, 46 F.3d 1000, 1003 (10th Cir. 1995).

**DISCUSSION**

Defendant contends that Plaintiff failed to exhaust his administrative remedies with regard to his claims arising from his removal from federal service.  Defendant also argues that Plaintiff failed to exhaust his administrative remedies with regard to his claims alleging a hostile work environment.

A party must generally exhaust administrative remedies as a prerequisite to filing suit in federal court under Title VII of the Civil Rights Act.  Simms v. Okla. ex rel. Dep't of Mental Health and Substance Abuse Serv., 165 F.3d 1321, 1326 (10th Cir. 1999).  Additionally, federal employees who pursue judicial claims of discrimination under Title VII are required to first exhaust administrative remedies in accord with applicable statutory provisions.  Woodman v. Runyon, 132 F.3d 1330, 1341 (10th Cir. 1997); Khader v. Aspin, 1 F.3d 968, 971 (10th Cir. 1993); Johnson v. Orr, 747 F.2d 1352, 1356 (10th Cir. 1984); Samson v. Civiletti, 632 F.2d 860, 862 (10th Cir. 1980).  The same exhaustion requirements apply to claims brought under the Rehabilitation Act.  Khader, 1 F.3d at 971 n.2.  A federal employee need not exhaust administrative remedies for a discrimination claim under the ADEA and may bring such a claim directly to a federal district court.  29 U.S.C. § 633a(d).  However, if an employee chooses to

pursue administrative remedies by filing an EEO Complaint under the ADEA, he is required to exhaust those remedies prior to filing a claim in federal court. Wrenn v. Secretary, Dept. of Veterans Affairs, 918 F.2d 1073, 1078 (2nd Cir. 1990) (noting a circuit split on this issue, but reasoning that an employee must complete the administrative process).[2]

The most common method of administrative exhaustion for discrimination claims by federal employees is the individual EEO complaint process, and this is the method initially chosen by Plaintiff. That process is governed by the regulations promulgated by the EEOC at 29 C.F.R. Part 1614 and the EEOC's Management Directive 110. Informal counseling is the first step in the process, and an aggrieved person is required to consult with an agency counselor within 45 days of an alleged discriminatory act. 29 C.F.R. § 1614.105. After informal counseling, a complainant receives a "notice of final interview" and may file a formal complaint of discrimination within 15 days. Once a formal complaint is filed and accepted, the agency has 180 days to conduct an investigation. 29 C.F.R. § 1614.106(e)(2). The complainant has a right to a hearing, if requested, before an administrative law judge, and the judge issues a recommended decision to the head of the agency. 29 C.F.R. § 1614.109. An agency is required to issue its final decision within 60 days of a request for decision without a hearing or within 40 days of receiving a recommended decision from an administrative judge. 29 C.F.R. § 1614.110.

A Complainant's right to judicial review in federal court and the time limits for seeking judicial review in federal court are set forth in 29 C.F.R. § 1614.407 which provides:

---

[2] The reasoning in Wren is similar to the reasoning by the Tenth Circuit in Khader. Accordingly, I conclude that the Tenth Circuit would adopt the position that a federal ADEA claimant must exhaust administrative remedies once he has pursued those remedies.

> A complainant who has filed an individual complaint ... is authorized . . . to file a civil action in appropriate United States District Court: (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed; (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken; (c) Within 90 days of receipt of the Commission's final decision on an appeal; or (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

A complainant who abandons his administrative claim before the agency has reached a determination has failed to exhaust his administrative remedies. Khader, 1 F.3d at 970.

I.  PLAINTIFF'S CLAIMS ARISING FROM HIS REMOVAL FROM FEDERAL SERVICE

In this case, Plaintiff failed to exhaust his administrative remedies with regard to his removal from federal service. Plaintiff filed an EEO Complaint with regard to his removal on March 8, 2005 but abandoned the administrative process by filing his Complaint in this Court on April 14, 2005. On September 22, 2005, the EEO Office of the Department of Interior dismissed Plaintiff's March 8, 2005 EEO Complaint because it was the basis of a civil action pending in district court. The EEO dismissal was not a decision on the merits, so it did not serve to exhaust Plaintiff's administrative remedies with regard to his claims arising from his removal from federal service. See Khader, 1 F.3d at 971. Because Plaintiff failed to exhaust his administrative remedies with regard to his removal from federal service, this Court lacks subject matter jurisdiction over these claims.

Plaintiff urges this Court to retain jurisdiction over these claims because Plaintiff's failure to exhaust did not frustrate the legislative purposes of exhaustion and because the jurisdictional defect has been cured. The jurisdictional defect has not been cured because the claim remains unexhausted. Because exhaustion is a jurisdictional requirement, the Court has no jurisdiction

5

and, as such, has nothing to retain even if Plaintiff's failure to exhaust did not frustrate any of the legislative purposes of exhaustion.

Because Plaintiff failed to exhaust his administrative remedies by abandoning the administrative process with regard to his removal from federal service, his claims arising from his removal must be dismissed without prejudice based on this Court's lack of subject matter jurisdiction.

II     CLAIMS BASED ON HOSTILE WORK ENVIRONMENT

Defendant argues that Plaintiff failed to exhaust his administrative remedies for his claim of hostile work environment because neither of his EEO Complaints alleges a hostile work environment. Plaintiff counters that he exhausted a claim of hostile work environment because the EEO form does not contain a box to check in order to allege a hostile work environment, because his "affidavit" submitted in support of the informal complaint that preceded his second formal EEO Complaint contains allegations of a hostile work environment, and because, in accodance with Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2005), a claimant need not exhaust a complaint of hostile work environment.

As noted above, exhaustion is a jurisdictional requirement for Plaintiff's claims under Title VII, the ADEA and the Rehabilitation Act. The primary purpose of the exhaustion requirement is to give the agency information it needs to investigate and resolve a dispute between the employee and employer. Khader, 1 F.3d at 971. The exhaustion requirement applies to claims of hostile work environment and Morgan is not to the contrary. In Morgan, the Supreme Court recognized that a claimant need not exhaust each discreet act that constitutes a hostile work environment, and

that, once a hostile work environment claim has been exhausted, events that occur outside the statutory time period need not be separately exhausted.

Neither of Plaintiff's EEO Complaints alleges a hostile work environment. While Plaintiff is correct that there is no box on the form to check for hostile work environment, the form requires the complainant to state his allegations of discrimination. Plaintiff's EEO Complaint filed November 5, 2003 alleges (1) age discrimination by relocation and change of duty station; and (2) retaliation for "protecting subordinate employee from a senior employee." These allegations were not sufficient to give notice that Plaintiff was complaining of a hostile work environment; thus the purpose of the exhaustion requirement, to provide the necessary information for the agency to investigate the claim, was not met with regard to a claim for a hostile work environment.

Even if Plaintiff had not abandoned and thus failed to exhaust all his claims raised in his March 2, 2005 EEO Complaint, this Complaint also failed to raise a claim of hostile work environment. On this Complaint, Plaintiff's factual allegations state, "retaliation for being a witness against Agency on multiple complaints" and the Complaint requests reinstatement and back pay as the proper remedy.

Plaintiff asks the Court to consider what he characterizes as an affidavit in determining whether he properly raised the issue of a hostile work environment in his March 2005 EEO Complaint. This document is actually a letter from Plaintiff addressed to the EEO Counselor who handled the informal complaint prior to Plaintiff filing his formal Complaint in March. First, the Court has already determined that none of the issues raised for the March 2005 EEO Complaint were exhausted because Plaintiff abandoned the administrative process. Second, even if he had

completed the administrative process, he would not have exhausted a claim for hostile work environment. All of the allegations in the letter concern discreet events and do not allege a hostile work environment.

Because Plaintiff did not exhaust any claim of hostile work environment, his claim of hostile work environment must be dismissed without prejudice based on this Court's lack of subject matter jurisdiction.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 75) is hereby GRANTED and Plaintiff's claims of hostile work environment and claims arising from his removal from federal service here hereby DISMISSED WITHOUT PREJUDICE based on this Court's lack of subject matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE